UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE
Appeal from the U.S. Bankruptcy Court
For the District of Delaware

Marjorie Joan Martin,

              Appellant,                       Appeal Case No. 1:06-cv-389

    v.

ANC Liquidating Trust,

              Appellee.

---

## APPELLEE ANC LIQUIDATING TRUST'S SEPARATE APPENDIX TO APPELLEE RESPONSE BRIEF

---

William J. Burnett (DE No. 4078)
Flaster/Greenberg, P.C.
913 Market St., Suite 1001
Wilmington, DE 19801
Telephone 302-351-1910
Facsimile 302-351-1919

-and-

Colleen A. Garrity, Esquire
Flaster/Greenberg, P.C.
Eight Penn Center, 15th Floor
Philadelphia, PA 19103
Telephone 215-279-9384
Facsimile 215-279-9917


ATTORNEYS FOR ANC LIQUIDATING TRUST

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE
Appeal from the U.S. Bankruptcy Court
For the District of Delaware

Marjorie Joan Martin,

        Appellant,                          Appeal Case No. 1:06-cv-389

    v.

ANC Liquidating Trust,

        Appellee.

## INDEX OF APPENDIX TO APPELLEE RESPONSE BRIEF

| 1. | Motion of Judith Wahlberg, as Trustee for the Next of Kin of Robert and Virginia Nipp, a Minor, by and Through His Parent and Natural Guardian, Allan Nipp, for Relief From Stay Under Section 362 of the Bankruptcy Code | **B1** |
|---|---|---|
| 2. | Certification of Counsel and Stipulation Granting Relief From Automatic Stay (Re: D.I. 4245) | **B32** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: | ( |
| | ( Chapter 11 |
| ANC RENTAL CORPORATION, <u>et al.</u>, | (   Case No. 01-11200 (MFW) |
| | ( (Jointly Administered) |
| | ( |
| DEBTORS. | ( Hearing Date: 4/2/03 @ 2:00 p.m. |
| | ( Objection Deadline 3/26/03 @ 4:00 p.m. |
| | ( |
| | ( |

**MOTION OF JUDITH WAHLBERG, AS TRUSTEE FOR THE NEXT OF KIN OF
ROBERT AND VIRGINIA NIPP, AND ANDREW JAMES NIPP, A MINOR, BY AND
THROUGH HIS PARENT AND NATURAL GUARDIAN, ALLAN NIPP, FOR RELIEF
FROM STAY UNDER <u>SECTION 362</u> OF THE BANKRUPTCY CODE.**

Judith Wahlberg, as Trustee for the Next of Kin of Robert and Virginia Nipp, and

Andrew Nipp, a minor, by and through his parent and natural guardian, Allan Nipp ("Movants"),

by and through their undersigned counsel and pursuant to <u>Section 362</u> of Title 11 of the United

States Code ("the Bankruptcy Code"), hereby move for the entry of an Order modifying the

automatic stay to permit the Movants to add Alamo Rent-A-Car, Inc. (hereinafter "Alamo" or

"Debtor"), to their State Court Action. In support of their motion, Movants state as follows:

A.     <u>BACKGROUND</u>

1.     Movants' claims are for wrongful death and personal injuries suffered as a result

of an automobile accident. The accident occurred on July 14, 2001, when a vehicle operated by

Robert Nipp in which his wife, Virginia Nipp, and his grandson, Andrew Nipp, were passengers,

was struck by an Alamo Rent-A-Car vehicle being driven by Marjorie Joan Martin when Ms.

Martin negligently lost control of the vehicle and collided with the Nipps' vehicle. As a result of

the collision, Robert and Virginia Nipp were killed and Andrew Nipp was seriously injured.

     2.    On or about November 13, 2001 (the "Petition Date"), Alamo Rent-A-Car, Inc.

("Alamo" or "ANC" or "Debtor"), filed its voluntary petition for relief under Chapter 11 of Title

11 of the United States Code (the "Bankruptcy Code"). An automatic stay accompanied

Alamo's bankruptcy filing. ANC has continued in the operation of its business and the

possession of its property as a debtor-in-possession under Sections 1107 and 1108 of the

Bankruptcy Code. On May 7, 2002, Movants filed a wrongful death and personal injury Complaint

in Dakota County District Court, State of Minnesota, entitled <u>Judith V. Wahlberg, as Trustee for</u>

<u>the next of kin of Robert Louis Nipp and Virginia Ida Nipp, decedents, and Allan J. Nipp, as the</u>

<u>parent and natural guardian of the minor plaintiff Andrew James Nipp v. Marjorie Joan Martin,</u>

District Court Case No. C702008209 (the "State Court Action"). This wrongful death and

personal injury lawsuit seeks to recover damages suffered by Movants on July 14, 2001. A copy

of the Complaint in the Dakota County District Court action is attached hereto as <u>Exhibit A</u>. The

automatic stay resulting from Alamo's bankruptcy filing precluded Movants from pursuing their

claims against Alamo in Movants' State Court Action.

     4.    Upon information and belief, at all relevant times, Alamo maintained a liability

insurance policy for damages, such as those sustained by Movants, pursuant to coverage

provided by National Union Fire Insurance Company, Policy #RMCA-320-8206.

**B.**    **RELIEF REQUESTED**

     5.    A State Court Action against Alamo should be permitted to allow Movants to

15035267.1
Word 15051792.1

       – 1 –

amend their Complaint to add Debtors to their State Court Action and allow the parties to engage in negotiations for the purpose of settling a portion of Movants' automobile claim against the Debtors in accordance with this Court's Second Order Authorizing and Approving Omnibus Procedures for the Settlement and Allowance of (i) Certain Automobile Liability Claims and (ii) Litigations Claims Pursuant to 11 U.S.C. ' 105 and Fed.R.Bankr.P. 3002, 3007 and 9019(b).

6.      The relief sought would allow Movants to obtain a judgment or settlement against Alamo in the State Court Action and to collect on any portion of such judgment or settlement to the extent that any judgment or settlement is covered by Alamo's insurance coverage.  It is believed that Alamo's insurance coverage is limited and likely insufficient to satisfy Movants' total liquidated damages.  The amount of any final judgment or final order obtained by Movants in excess of any applicable insurance coverage and proceeds, or which is not payable by any applicable insurance policy, shall constitute Movants' liquidated, pre-petition claim against the Debtors.

7.      The automatic stay is not meant to be indefinite or absolute and this Court has the power to grant relief from the automatic stay in appropriate circumstances.  *In re Rexene Products Co.,* 141 B.R. 574, 576 (Bankr. D. Del. 1992); *In re Wedgewood*, 878 F.2d 693, 697 (3d Cir. 1989).  Appropriate circumstances (i.e., "sufficient cause" under 11 U.S.C. ' 362(d)(1)) are certainly present in this case.

8.      Section 362(d)(1) of the Bankruptcy Code provides for the lifting of the automatic stay where Acause@ exists:

> (d)     On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this

section, such as terminating, annulling, modifying, or conditioning such stay B

    (1)    for cause, including the lack of adequate protection of an interest in property of such party in interest;

The term "cause", however, is not defined in the Code and must therefore be "determined on a case-by-case basis" *In re Rexene*, 141 B.R. at 576 (citing *Matter of Fernstrom Storage and Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). This Court has held that a single factor such as "a desire to permit an action to proceed in another tribunal," or lack of any connection or interference with the pending bankruptcy case may establish sufficient "cause." *In re Rexene*, 141 B.R. at 576 (citing *H.R. Rep.* No. 95-595, 95th Cong., 1st Sess., 343-44 (1977)).

    9.    Relief from the automatic stay should be granted to allow proceedings to proceed in their place of origin, assuming the bankruptcy estate will not be prejudiced. *Rexene*, 141 B.R. at 576, citing *H.R. Rep.* No. 95-595, 95th Cong., 1st Sess., 341 (1977). Movants respectfully submit that it is in the interest of judicial economy and fairness to modify the automatic stay to allow Movants to add Alamo to their State Court action to liquidate their claims against Alamo and to relieve this Court from adjudicating an action which can and should be resolved elsewhere.

    10.    In *Rexene*, this Court stated that relief from the automatic stay should be granted when the party seeking such relief can show that:

    a.    the debtor or the debtor's estate will not be greatly prejudiced by continuing the civil suit;

    b.    the hardship to the movant by maintenance of the automatic stay considerably outweighs the hardship to the debtor; and

    c.    the movant has a reasonable chance of prevailing on the merits.

*Rexene*, 141 B.R. at 576. *Accord In re Continental Airlines, Inc.*, 152 B.R. 420, 424

(D.Del.1993); *see also Fernstrom*, 938 F.2d at 735.

11.    All three factors weigh heavily in favor of modifying the automatic stay to permit

a State Court Action against Alamo for the purpose of settling Movants' automobile liability

claims against Alamo.  All parties will benefit if the State Court Action is allowed to proceed

with Alamo as a party, before witnesses and evidence grow stale.

First, Movants will seek recovery first from any available insurance coverage, which is

property in which Alamo has no interest. *In re Louisiana World Exposition, Inc.*, 832 B.R. 1391

(5th Cir. 1987); *Matter of Edgeworth*, 993 F.2d 51 (5th Cir. 1993).  This also militates in favor of

granting Movants relief from the automatic stay under Section 362(d)(2).  Since the insurance

proceeds are not property of the Debtors' estate, they are not necessary for an effective

reorganization nor are they property in which the Debtor has equity.

The purpose of the automatic stay is to enable the Bankruptcy Court to prevent certain

creditors from gaining a preference for their claims against the debtor; to forestall the depletion

of the debtor's assets due to the legal costs in defending proceedings against it; and, in general,

to avoid interference with the orderly liquidation or rehabilitation of the debtor. *In re Rexene*,

141 B.R. at 576 (quoting *St. Croix Condominium Owners v. St. Croix Hotel*, 682 F.2d 446, 448

(3d Cir. 1982)). The purpose of this automatic stay is to prevent a "chaotic and uncontrolled

scramble for the debtors' assets in a variety of uncoordinated proceedings in different courts." *In*

*re Holtkamp*, 669 F.2d 505, 508 (7th Cir. 1982).  Here, however, Movants are not attempting to

gain any unfair advantage over other creditors of the Debtor.  Movants are merely attempting to

liquidate their claims against Alamo for the purposes of settlement or to the extent that Alamo's applicable insurance coverage may be made available to Movants.

This Court's reasoning in *Rexene* that "the added expense of transporting the case to Delaware in unnecessary" also applies in the present case. 141 B.R. at 577. The laws of Minnesota govern the issues of liability and damages over Movants' automobile liability claims.

Second, the hardship to Movants by maintenance of the automatic stay considerably outweighs any possible harm that the Debtor will suffer. The Movants' parents, and Andrew Nipp's grandparents, were killed in the subject automobile accident. Maintenance of the stay prolongs the litigation and prevents Movants from bringing this matter to a close. In addition, because Movants' State Court Action is against the driver of a vehicle owned by Alamo, Movants will be forced to proceed once without the Debtor, then later in a second proceeding against the Debtor. Judicial economy mandates that liability be determined in a single proceeding.

If Movants are forced to litigate their claims in Delaware[1], they would be forced to incur a great financial burden. Movants' attorneys, the witnesses and relevant documents are located in Minnesota. None are located in Delaware. That is why "[i]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and relieve the

---

[1]     This Court may not have jurisdiction to liquidate Movants' claims against Alamo. *See* U.S.C. ' 157(b)(2)(B) and 157(b)(5); *See also, In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 837, n.8 (Bankr. S.D.N.Y. 1990).

bankruptcy court from many duties that may be handled elsewhere." *Rexene*, 141 B.R. at 576

(quoting *H.R. Rep.* No. 95-595, 95th Cong., 1st Sess., 341 (1977)).  Such is the case here.

Third, Movants have a significant probability of prevailing on the merits.  The required

showing need only be very slight.  *See In re Rexene*, 141 B.R. at 578 (citing *In re Peterson*, 116

B.R. 247, 250 (D.Colo. 1990)).  The facts set forth in Movants' Complaint are sufficient to meet

the required showing.  Information provided in the underlying action indicates that the Nipps'

vehicle was struck by Marjorie Martin after she lost control of the Alamo Rent-A-Car vehicle

and crossed into the oncoming lane of traffic.  There is no question that Movants have a

reasonable likelihood of prevailing on the merits in a State Court Action.

12.    Movants respectfully submit that in view of the foregoing, the automatic stay

should be modified to allow Movants to add Alamo to the State Court Action and to engage in

settlement negotiations and to collect on a portion of any judgment or settlement from Alamo=s

available insurance coverage, if possible.  The Debtors' estate will not be prejudiced by

proceeding with the State Court Action, the hardship to Movants by maintenance of the

automatic stay greatly outweighs the hardship to the Debtor, and Movants have a reasonable

chance of prevailing on the merits.

13.    Finally, pursuant to 11 U.S.C. ' 157, the Bankruptcy Court lacks the jurisdiction

to hear and determine personal injury actions.  Rather, the Court shall order that all personal

injury tort claims be tried in the District Court where the action is pending, or in the District

Court in the District in which the claim arose.  11 U.S.C. ' 157(b)(5).  Because Movants' claims

against the driver of the vehicle have already been filed in the District Court of Minnesota, this

Court should allow the matter to proceed in that forum.

15035267.1
Word 15051792.1

– 6 –

14.    Finally, modification of the automatic stay will promote judicial efficiency. *See In re Pursuit Athletic Footwear, Inc.*, 193 B.R. 713, 719 (Bankr. D. Del. 1996).

WHEREFORE, Movants respectfully request that the Court enter an Order in the form attached: (1) modifying the automatic stay to allow Movants to add Alamo to their State Court action for the purpose of liquidating their claims and obtaining a judgment against Alamo and collecting from Alamo's existing insurance coverage in partial satisfaction of any such liquidated claims; and (2) granting Movants such other and further relief as the Court deems just and appropriate.

Dated this 11th day of March, 2003.

WHITTINGTON & AULGUR

BY:    /s/ Kristi J. Doughty
       Robert T. Aulgur, Jr. (No. 165)
       Kristi J. Doughty (No. 3826)
       P.O. Box 617
       Odessa, DE 19730
       Telephone: (302) 378-1661
       Telecopier: (302) 378-1645

and

ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.

By:

Leo F. Feeney (#28599)
John R. McDonald (#168592)
David J. Koob (#307282)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

**ATTORNEYS FOR MOVANTS**

# Exhibit "A"

STATE OF MINNESOTA

COUNTY OF DAKOTA

DISTRICT COURT

FIRST JUDICIAL DISTRICT

CASE TYPE: WRONGFUL DEATH
& PERSONAL INJURY

-------------------------------------------------

Judith V. Wahlberg, as Trustee for the
next of kin of Robert Louis Nipp and
Virginia Ida Nipp, decedents, and Allan
J. Nipp, as the parent and natural guardian
of the minor plaintiff Andrew James Nipp,

          Plaintiffs,

v.

Marjorie Joan Martin,

          Defendant.

                                 **SUMMONS**

-------------------------------------------------

THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:

        You are hereby summoned and required to serve upon plaintiffs' attorneys an Answer

to the Complaint which is herewith served upon you, within twenty (20) days after service of this

Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be

taken against you for the relief demanded in the Complaint.

        You are advised that under Rule 114 of the General Rules of Practice for the District Courts,

all civil cases are subject to Alternative Dispute Resolution (ADR) processes. Your attention is

directed to the ADR options available under that rule.

1509523.1



Dated this _10th_ day of _April_, 2002.

ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.

By: _____

    Leo F. Feeney (#28599)
    David J. Koob (#307282)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

**ATTORNEYS FOR PLAINTIFFS**

2

State of Minnesota
DEPARTMENT OF PUBLIC SAFETY
The Within Summons and Complaint,
by copy thereof, was duly filed in this
office on the 19 day of April
20 02 at 12:30 P.M.
By _____
Commissioner of Public Safety

B 13

STATE OF MINNESOTA

COUNTY OF DAKOTA

DISTRICT COURT

FIRST JUDICIAL DISTRICT

CASE TYPE:  WRONGFUL DEATH
& PERSONAL INJURY

-------------------------------------------------

Judith V. Wahlberg, as Trustee for the
next of kin of Robert Louis Nipp and
Virginia Ida Nipp, decedents, and Allan
J. Nipp, as the parent and natural guardian
of the minor plaintiff Andrew James Nipp,

   Plaintiffs,

v.

Marjorie Joan Martin,

   Defendant.

-------------------------------------------------

**COMPLAINT**

   Plaintiffs, for their Complaint and cause of action against the above-named defendant,

states and allege as follows:

## PARTIES

### I.

   On October 5, 2001, Judith V. Wahlberg was appointed Trustee for the next of kin

of Robert Louis Nipp and Virginia Ida Nipp, decedents, by Order of the Honorable Donald J. Venne,

Judge of District Court, Tenth Judicial District, County of Anoka, State of Minnesota, a copy of

which Order is attached as Exhibit A.  The action on behalf of the survivors of decedents is brought

by Judith V. Wahlberg, in her appointed capacity as Trustee, against the above-named defendant in

compliance with the Minnesota Wrongful Death Statute, Minn. Stat. §573.02, et seq.  The action on

behalf of the minor plaintiff, Andrew James Nipp, is brought by his parent and natural guardian, Allan

J. Nipp.

1509523.1



## II.

At all times herein material, decedents Robert Louis Nipp and Virginia Ida Nipp, husband and wife, were citizens and residents of Dakota County, residing at the time of their deaths at 710 Marie Avenue, Mendota Heights, MN 55118.

## III.

At all times herein material, Allan J. Nipp was and is the father and natural guardian of minor plaintiff Andrew James Nipp (DOB 9/28/99), residing in Dakota County, at 8195 190th Street East, Hastings, MN 55033.

## IV.

Upon information and belief, and at all times herein material, defendant Marjorie Joan Martin was a citizen and resident of Pima County, Arizona, residing at 7590 Via Los Arbusto, Tucson, AZ 85750.

## V.

At all times herein material, Trustee Judith V. Wahlberg was and is a resident of Saint Louis County, residing at 5069 Country Road, Mountain Iron, MN 55768.

## VI.

The next of kin of decedents Robert and Virginia Nipp, together with their ages and relationship to decedents, are as follows:

| Name | Age | Relationship |
| --- | --- | --- |
| Christine S. Kelley | 49 | Daughter |
| Cynthia J. Nipp | 46 | Daughter |
| Judith V. Wahlberg | 42 | Daughter |
| Jeffrey R. Nipp | 40 | Son |
| Allan J. Nipp | 38 | Son |
| Amy L. Nipp | 35 | Daughter |

1509523.1

2

## FACTS

### VII.

At all times herein material, Robert Louis Nipp was the owner and operator of a 1991 Ford Crown Victoria bearing Minnesota license plate EGX 778. At all times herein material, Virginia Ida Nipp, the wife of Robert Louis Nipp, was a passenger in the above-described motor vehicle. At all times herein material, Andrew James Nipp, the minor plaintiff and grandson of Robert and Virginia Nipp, was a passenger in the above-described motor vehicle.

### VIII.

At all times herein material, defendant Marjorie Joan Martin was in possession of and operating a 2001 Chevrolet Malibu bearing Minnesota license plate GGR 759. At the time of the collision, the 2001 Chevrolet Malibu was leased by defendant Marjorie Joan Martin from Alamo Rent-A-Car, Inc., a Florida corporation. Upon information and belief, Alamo Rent-A-Car, Inc. was the registered owner of the vehicle being operated by defendant Marjorie Joan Martin at the time of the collision.

### IX.

Upon information and belief, Alamo Rent-A-Car, Inc. engages in vehicle leasing services; i.e., providing vehicles for the public to lease, and, as part of its business, leased the above-described vehicle to defendant Marjorie Joan Martin from its business premises at the Minneapolis/St. Paul International Airport on July 14, 2001.

### X.

At all times herein material, Interstate highway 35E was a duly dedicated public thoroughfare located within the city of Lino Lakes, county of Anoka, state of Minnesota. Said highway, as it proceeds through the above-described area, consists of two lanes of travel

1509523.1                                  3

proceeding generally northbound and two lanes of travel proceeding generally southbound. A
large, unpaved grass median separates the northbound and southbound lanes of travel.

## GENERAL ALLEGATIONS

### XI.

On July 14, 2001, at approximately 5:00 p.m., Robert Louis Nipp was lawfully
operating his 1991 Ford Crown Victoria in a generally southbound direction upon Interstate 35E
in the vicinity of Lino Lakes, Minnesota. At the same time and place, defendant Marjorie Joan
Martin was operating her leased 2001 Chevrolet Malibu in a generally northbound direction upon
Interstate 35E in the vicinity of Lino Lakes, MN. At the time and place described above,
defendant's Chevrolet Malibu motor vehicle, traveling at a high rate of speed, suddenly bolted
across the divider median and entered the southbound lanes of Interstate 35E, causing a collision
with the Nipp vehicle at highway speeds. As a direct result of the foregoing high-speed collision,
Robert Louis Nipp and Virginia Ida Nipp were fatally injured. The Nipp's grandson, Andrew
James Nipp (DOB 9/28/99), a passenger in the Nipp vehicle, was taken by ambulance to North
Memorial Medical Center and admitted for injuries to his left leg, foot, head and face. As a result
of the accident, the minor child ceased ambulating and does not verbally communicate.

### XII.

The fatal injuries sustained by Robert and Virginia Nipp were proximately caused
by the negligence of defendant Marjorie Joan Martin. Consequently, the next-of-kin of Robert
Louis Nipp and Virginia Ida Nipp have sustained a permanent and final loss of all elements of
their ongoing relationship with their parents, including, but not limited to, the loss of their
services, counseling and advice and other natural and normal losses flowing from the previously
existing familial relationships including, but not limited to, loss of their care, comfort, society,

1509523.1                                                4

assistance and guidance, all to each heir's pecuniary damage in a sum presently estimated to be in excess of Fifty Thousand Dollars ($50,000.00).

## XIII.

As a direct result of the death of Robert Louis Nipp and Virginia Ida Nipp, proximately caused and contributed to by the negligence of defendant Marjorie Joan Martin, as set forth herein, plaintiff Judith V. Wahlberg, individually, and as Trustee for the next of kin of Robert Louis Nipp and Virginia Ida Nipp, has been required to expend sums of money for medical bills, reasonable funeral and burial expenses and related items, all to her damage in a sum presently estimated to be in excess of Ten Thousand Dollars ($10,000.00).

## XIV.

As a direct result of the above-described collision and the negligence of defendant the minor plaintiff, Andrew James Nipp, has sustained injuries to his person which injuries, upon information and belief, are disabling and permanent, all to his damage in a sum presently estimated to be in excess of Fifty Thousand Dollars ($50,000).

## XV.

As a direct result of the trauma sustained by minor plaintiff Andrew James Nipp, proximately caused and contributed to by the negligence of defendant Marjorie Joan Martin, as set forth herein, Allan J. Nipp, individually, and as father and natural guardian for Andrew James Nipp, has been required to expend sums of money for medical bills and related items, all to his damage in a sum presently estimated to be in excess of Fifty Thousand Dollars ($50,000).

1509523.1                                          5

## NEGLIGENCE OF MARJORIE JOAN MARTIN

### XVI.

Plaintiffs Judith V. Wahlberg, individually, and as Trustee for the next of kin of Robert Louis Nipp and Virginia Ida Nipp, and Allan J. Nipp, as father and natural guardian of minor plaintiff Andrew James Nipp, reallege and incorporate the above allegations by reference as set forth more fully below.

### XVII.

At the above-described time and place, defendant Marjorie Joan Martin negligently, carelessly and unlawfully operated the subject 2001 Chevrolet Malibu motor vehicle, causing a collision with the motor vehicle operated by Robert Louis Nipp. Illustrations of such negligent, careless and unlawful conduct of defendant Marjorie Joan Martin, cited by way of example, but not limitation, are the following:

        A.     Defendant Marjorie Joan Martin failed and neglected to maintain the required degree of attention in her operation of the 2001 Chevrolet Malibu rental vehicle;

        B.     Defendant Marjorie Joan Martin's inattentiveness resulted in her losing complete control of the 2001 Chevrolet Malibu rental vehicle;

        C.     Defendant Marjorie Joan Martin was operating the 2001 Chevrolet Malibu rental vehicle at a speed in excess of the posted speed limit at the time of and prior to the subject occurrence;

        D.     Defendant Marjorie Joan Martin failed and neglected to keep the 2001 Chevrolet Malibu rental vehicle on the proper side of the highway within its designated northbound lane of travel and otherwise failed to exercise due care in

1509523.1

6

B 19

the operation of the vehicle, including her failing to operate said vehicle in

accordance with the laws of the State of Minnesota, the rules of the road and in a

generally responsible manner prior to the above-described occurrence;

and defendant Marjorie Joan Martin was negligent, careless and unlawful in other ways too
numerous to herein mention.

### XVIII.

Defendant Marjorie Joan Martin committed the above-described negligent,

careless and unlawful acts and omissions while operating a motor vehicle upon a public

thoroughfare of the State of Minnesota. As a direct and proximate result of the above-described

negligence, Robert Louis Nipp and Virginia Ida Nipp sustained fatal injuries which resulted in the

damages alleged to the next of kin of Robert and Virginia Nipp.

### XIX.

As a direct and proximate result of the above-described negligence of defendant,

the minor plaintiff, Andrew James Nipp, sustained traumatic injuries to his person, which injuries

have resulted in the alleged damages to the minor plaintiff and to Allan J. Nipp, his father and

natural guardian.

WHEREFORE, plaintiff Judith V. Wahlberg, individually, and as Trustee for the

next of kin of Robert Louis Nipp and Virginia Ida Nipp, prays for judgment against the defendant

in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with costs and

disbursements herein and reasonable attorneys' fees and Allan J. Nipp, as father and natural

guardian of minor plaintiff Andrew James Nipp, prays for judgment against the defendant in an

amount in excess of Fifty Thousand Dollars ($50,000), together with costs and disbursements

herein and reasonable attorneys' fees.

1509523.1                                    7

Dated this _10ᵗʰ_ day of _April_ , 2002.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: _Leo F. Feeney_

Leo F. Feeney (#285990)
David J. Koob (#307282)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

**ATTORNEYS FOR PLAINTIFFS**

1509523.1

8

ACKNOWLEDGMENT REQUIRED BY
MINN. STAT. SEC. 549.211, SUBD. 2

The undersigned hereby acknowledges that, pursuant to Minn. Stat. Sec. 549.211, subd. 2, costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the Court should find the undersigned acted in bad faith, asserted a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the Court.

Dated this _10_ day of _April_, 2002.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: _____
    Leo F. Feeney (#28599)
    David J. Koob (#307282)

    2800 LaSalle Plaza
    800 LaSalle Avenue
    Minneapolis, Minnesota 55402-2015
    (612) 349-8500

    ATTORNEYS FOR PLAINTIFFS

1509523.1                          9

B 22

FILED
Jane F. Morrow
Court Administrator

STATE OF MINNESOTA

OCT 0 5 2001

DISTRICT COURT

COUNTY OF ANOKA

Anoka County, MN
BEVERLY BOYER
BY DEPUTY

TENTH JUDICIAL DISTRICT

CASE TYPE: WRONGFUL DEATH

In the Matter of the Appointment of
Trustee for the next of kin of Robert Louis Nipp
and Virginia Ida Nipp

C4-01-8872

ORDER APPOINTING TRUSTEE

The foregoing Petition, having been duly considered,

IT IS HEREBY ORDERED that, upon the filing of an Oath pursuant to M.S.A.

¶ 358.06, Judith V. Wahlberg be appointed trustee to maintain the action desired in said Petition.

The Court hereby waives filing of a bond.

Dated this 5th of Oct , 2001.

BY THE COURT:

Judge of District Court

1485117.1

EXHIBIT A

B 23

## AFFIDAVIT OF SERVICE BY HAND DELIVERY

STATE OF MINNESOTA      )
                                        ) ss

COUNTY OF HENNEPIN     )

        James A. Jadwin , being first duly sworn on oath, deposes and says, that on the 12th day of April, 2002, he made service of the attached **Summons and Complaint** by delivering a true and correct copy thereof to the Commissioner of the Department of Public Safety by leaving the above mentioned items with Diane Lindstrom, the Administrative Assistant for the Department of Public Safety, North Central Life Tower, Suite 1000, 445 Minnesota Street, St. Paul, Minnesota, 55101.

                                               James A. Jadwin

Subscribed and sworn to
before me this 12 day
of April, 2002.

Notary Public

CONNIE MARQUARDT
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2005

66706.1

\*\* TOTAL PAGE.16 \*\*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

IN RE:                                              (
                                                    (  Chapter 11
ANC RENTAL CORPORATION, et al.,                     (  Case No. 01-11200 (MFW)
                                                    (  (Jointly Administered)
                                                    (Hearing Date: 4/2/03 @ 2:00 p.m.
              DEBTORS.                               (Objection Deadline 3/26/03 @ 4:00 p.m.
                                                    (
                                                    (

**NOTICE OF MOTION OF JUDITH WAHLBERG, AS TRUSTEE FOR THE NEXT OF KIN OF ROBERT AND VIRGINIA NIPP, AND ANDREW JAMES NIPP, A MINOR, BY AND THROUGH HIS PARENT AND NATURAL GUARDIAN, ALLAN NIPP, FOR RELIEF FROM STAY UNDER <u>SECTION 362</u> OF THE BANKRUPTCY CODE.**

**TO:**

Bonnie Glantz Fatell, Esq.                Matthew Gluck, Esquire
Mark J. Packel, Esquire                   Fried, Frank, Harris, Shriver &
Blank Rome Comisky & McCauley, LLP        Jacobson
1201 North Market Street, Suite 800       One New York Plaza
Wilmington, DE 19801                      New York, New York 10004
**Counsel to Debtors**                    **Counsel to Debtors**


Don A. Beskrone, Esquire                  Brian Linehan Shannon, Esquire
Office of the U.S. Trustee                Young Conaway Stargatt & Taylor, LLP
844 King Street, Lockbox 35               The Brandywine Building, 17th Floor
Wilmington, DE 19801                      1000 West Street
**Counsel to U.S. Trustee**               Wilmington, DE 19801
                                          **Counsel to Official Committee of
                                          Unsecured Creditors**

Judith Wahlberg, as Trustee for the next of Kin of Robert and Virginia Nipp, and

Andrew James Nipp, a minor, by and through his parent and natural guardian, Allan

Nipp, have filed a Motion for Relief from Stay and are seeking the relief contained in the

attached Motion.

15035267.1
Nipp-Motion for Relief from Stay

B 25

**HEARING ON THE MOTION WILL BE HELD ON April 2, 2003 AT 2:00 P.M.**

You are required to file a response (and the supporting documentation required by Local Rule 4001 (d)) to the attached Motion at least <u>five</u> business days before the above hearing date. At the same time, you must also serve a copy of the response upon Movants' attorneys:

Leo F. Feeney, Esq.                    Kristi J. Doughty, Esq.
2800 LaSalle Plaza                     Whittington & Aulgur
800 LaSalle Avenue                     P.O. Box 617
Minneapolis, MN 55402-2015             Odessa, DE 19730

The hearing date specified above may be a preliminary hearing or may be consolidated with the final hearing, as determined by the Court. The attorneys for the parties shall confer with respect to the issues raised by the Motion in advance for the purpose of determining whether a consent judgment may be entered and/or for the purpose of stipulating to relevant facts such as value of the property, and the extent and validity of any security agreement.

WHITTINGTON & AULGUR

Dated this 11th day of March, 2003.   BY:   <u>/s/ Kristi J. Doughty</u>
                                             Robert T. Aulgur, Jr. (No. 165)
                                             Kristi J. Doughty (No. 3826)
                                             P.O. Box 617
                                             Odessa, DE 19730
                                             Telephone: (302) 378-1661
                                             Telecopier: (302) 378-1645

                                             and

15035267.1
Nipp-Motion for Relief from Stay

ROBINS, KAPLAN, MILLER & CIRESI, L.L.P.

By:

Leo F. Feeney (#28599)
John R. McDonald (#168592)
David J. Koob (#307282)
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015

**ATTORNEYS FOR MOVANTS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | ( |
| | (   Chapter 11 |
| ANC RENTAL CORPORATION, et al., | (    Case No. 01-11200 (MFW) |
| | (   (Jointly Administered) |
| | ( |
| DEBTORS. | (   Hearing Date: 4/2/03 @ 2:00 p.m. |
| | (Objection Deadline 3/26/03 @ 4:00 p.m. |
| | ( |
| | ( |

---

**ORDER VACATING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C.§ 362
AS TO JUDITH WAHLBERG, AS TRUSTEE FOR THE NEXT OF KIN OF
ROBERT AND VIRGINIA NIPP, AND ANDREW JAMES NIPP, A MINOR, BY
AND THROUGH HIS PARENT AND NATURAL GUARDIAN, ALLAN NIPP,**

**AT WILMINGTON, DELAWARE IN SAID DISTRICT
THIS      DAY OF          , 2003**

THIS MATTER, having come before the Court by Kristi J. Doughty, Esquire, of

Whittington & Aulgur, counsel for Judith Wahlberg, as Trustee for the Next of Kin of

Robert and Virginia Nipp, and Andrew Nipp, a minor, by and through his parent and

natural guardian, Allan Nipp, for an Order Vacating the Automatic Stay provisions of

§ 362 of the Bankruptcy Code; and adequate notice of the Motion having been given and

good and sufficient cause appearing for the entry of this Order:

IT IS HEREBY ORDERED that the Motion is GRANTED;

IT IS FURTHER ORDERED:

1. Relief from the Automatic Stay provisions of *11 U.S.C. §362* is granted as to

the case styled as <u>Judith V. Wahlberg, as Trustee for the next of kin of Robert Louis Nipp</u>

<u>and Virginia Ida Nipp, decedents, and Allan J. Nipp, as the parent and natural guardian of</u>

<u>the minor plaintiff Andrew James Nipp v. Marjorie Joan Martin</u> , District Court Case No.

Word 15052786.1

**B 28**

C702008209, so that the Movants may amend their complaint to name Debtor as a party

to the action and so the parties may thus proceed to final judgment and to take such

actions as are necessary or appropriate to exercise their rights of appeal, until such rights

have been exhausted and to permit Movants to satisfy any judgment awarded or

settlement reached in the State Court Action from any applicable insurance policies; and

    2.  To the extent that a judgment or settlement of the State Court Action is not

fully satisfied by available insurance proceeds, Movants shall have a liquidated unsecured

claim and shall be entitled to seek distribution on the claim through the appropriate

Debtor entity's bankruptcy estate.


_____

HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY COURT

Word 15052786.1

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF DELAWARE

IN RE:                                  (
                                        ( Chapter 11
ANC RENTAL CORPORATION, et al.,         ( Case No. 01-11200 (MFW)
                                        ( (Jointly Administered)
                                        (
              Debtors,                  (

## CERTIFICATE OF SERVICE

I, Kristi J. Doughty, hereby certify this 11th day of March, A.D. 2003 that one true copy of Motion for Relief, was delivered via electronic service and first class mail upon the attached service list:


                        /s/ Kristi J. Doughty
                        Robert T. Aulgur, Jr. (No. 165)
                        Kristi J. Doughty (No. 3826)
                        P.O. Box 617
                        Odessa, DE 19730-0617
                        Attorney for Movants.


Dated: March 11, 2003

ANC SERVICE LIST

Bonnie Glantz Fatell, Esq.
Mark J. Packel, Esquire
Blank Rome Comisky & McCauley, LLP
1201 North Market Street, Suite 800
Wilmington, DE 19801
**Counsel to Debtors**

Matthew Gluck, Esquire
Fried, Frank, Harris, Shriver & Jacobson
One New York Plaza
New York, New York 10004
**Counsel to Debtors**

Don A. Beskrone, Esquire
Office of the U.S. Trustee
844 King Street, Lockbox 35
Wilmington, DE 19801
**Counsel to U.S. Trustee**

Brian Linehan Shannon, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
**Counsel to Official Committee of**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                             :
In re:                                                       :     Chapter 11
                                                             :     Case No. 01--11200 (MFW)
      ANC RENTAL CORPORATION, et al.,                        :     (Jointly Administered)
                                                             :
                                                             :
                      Debtors.                               :
                                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**CERTIFICATION OF COUNSEL**

        Counsel for the Debtors hereby certifies that:

        1.      On November 13, 2001, the above captioned debtors and debtors in possession
(collectively, the "Debtors") filed voluntary Petitions for Relief under Chapter 11 of the United
States Bankruptcy Code.

        2.      On March 11, 2003, Judith Wahlberg, as Trustee for the Next of King of Robert
and Virginia Nipp, and Andrew James Nipp, a Minor, by and through His Parent and Natural
Guardian, Allan Nipp ("Movants") filed the Motion of Judith Wahlberg, as Trustee for the Next
of King of Robert and Virginia Nipp, and Andrew James Nipp, a Minor, by and through His
Parent and Natural Guardian, Allan Nipp, for Relief from stay Under Section 362 of the
Bankruptcy Code [Docket No. 4245] (the "Motion").

        3.      The Debtors and Movants have agreed to resolve the Motion in accordance with
the terms of the attached Stipulation (the "Stipulation").

115586.01600/40119963v1

B 32

4.    The Debtors respectfully request that the Court enter the Order attached hereto approving the Stipulation.

Dated: Wilmington, Delaware
April 9, 2003

BLANK ROME LLP

_Bonnie Glantz Fatell (I.D. No. 3809)_
Mark J. Packel (I.D. No. 4048)
Elio Battista, Jr. (I.D. No. 3814)
1201 Market Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 425-6400
Facsimile: (302) 425-6464

and

FRIED FRANK HARRIS
SHRIVER & JACOBSON
(A Partnership Including
Professional Corporations)
One New York Plaza
New York, NY 10004
Telephone:    (212) 859-8000
Facsimile:    (212) 859-4000

Co-Counsel for Debtors and
Debtors in Possession

- 2 -

115586.01600/40119963v1

B 33

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ANC RENTAL CORPORATION, et al., | ) | Case No. 01-11200 (MFW) |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |

## STIPULATION GRANTING RELIEF FROM AUTOMATIC STAY
### (Re: D.I. 4245)

Judith Wahlberg, as Trustee for the Next of Kin of Robert and Virginia Nipp, and

Andrew Nipp, a minor, by and through his parent and natural guardian (collectively, the

"Movants") and the above-captioned debtors and debtors-in-possession (the "Debtors")[1],

by and through their respective counsel, hereby enter into this stipulation (the

"Stipulation") granting relief from the automatic stay.

### RECITALS

WHEREAS, the Debtors commenced their chapter 11 cases on November 13,

2001 (the "Petition Date") by filing voluntary petitions for relief under Chapter 11 of

Title 11 of the United States Code (the "Bankruptcy Code") in the United States

Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and since the

---

[1] The Debtors are the following entities: ANC Rental Corporation, Alamo International Sales, Inc., Alamo Rent-A-Car Management, LP, Alamo Rent-A-Car, LLC, ANC Aviation, Inc., ANC Collector Corporation, ANC Financial Corporation, ANC Financial GP Corporation, ANC Financial Properties LLC, ANC Financial, LP, ANC-GP, Inc., ANC Information Technology, Inc., ANC Information Technology Holding, Inc., ANC Information Technology, L.P., ANC IT Collector Corporation, ANC Management Services Corporation, ANC Management Services, LP, ANC Payroll Administration, LLC, ANC-TM Management LP, ARC-GP, Inc., ARC-TM, Inc., ARC-TM Properties LLC, ARG Reservation Services, LLC, ARI Fleet Services, Inc., Auto Rental Inc., Car Rental Claims, Inc., Claims Management Center, Inc., Guy Salmon USA, Inc., Liability Management Companies Holding, Inc., National Car Rental Licensing, Inc., National Car Rental System, Inc., NCR Affiliate Servicer Properties LLC, NCR Affiliate Servicer, Inc., NCRAS Management, LP, NCRAS-GP, Inc., NCRS Insurance Agency, Inc., Post Retirement Liability Management, Inc., Rental Liability Management Holdings, LLC, Rental Liability Management, Inc., Republic Fiduciary, Inc., Republic Guy Salmon Partner, Inc., Spirit Leasing, Inc., Spirit Rent-A-Car, Inc., SRAC Management, LP, SRAC-GP, Inc., and SRAC-TM, Inc.

Petition Date, have operated as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

WHEREAS, prior to the Petition Date, Movants commenced an action in the Dakota County District Court, State of Minnesota, captioned <u>Judith V. Wahlberg, as Trustee or the next of kin of Robert Louis Nipp and Virginia Ida Nipp, decedents, and Allan J. Nipp, as the parent and natural guardian of the minor plaintiff Andrew James Nipp v. Marjorie Joan Martin</u>, Case No. C70200829 (the "Minnesota Proceeding").

WHEREAS, as a result of the Debtors' bankruptcy filings, the Movants have been unable to amend their Complaint in the Minnesota Proceeding to name Debtors as a party to the action as a result of the automatic stay provisions of section 362 of the Bankruptcy Code (the "Automatic Stay").

WHEREAS, the parties agree that it is in the best interests of the Debtors' estates and Movants to lift the Automatic Stay to allow the Movants to amend their Complaint in the Minnesota Proceeding to name Debtors as a party to the action to allow the Minnesota Proceeding to continue to full adjudication as to all parties of interest.

NOW THEREFORE, in consideration of the foregoing, the Debtors and Movants, through their undersigned counsel, hereby agree and stipulate as follows:

1.    The Automatic Stay shall be modified solely for the purpose of permitting Movants to amend their Complaint in the Minnesota Proceeding to name Debtors as a party to the action and permitting the Minnesota Proceeding, thus amended, to continue to final judgment or resolution among the parties, provided, however, no action may be taken by the Movants to execute on a judgment or otherwise attempt to collect a judgment from any of the Debtors or against the Debtors' property except as to applicable

115586.01600/40119294v1

insurance coverage and proceeds, and provided further that the amount of any final judgment or final order obtained by Movants in excess of any applicable insurance coverage and proceeds shall constitute Movants' liquidated, prepetition claim against the Debtors. Nothing herein shall prohibit Movants from seeking to enforce any such judgment or settlement against applicable insurance coverage. Movants will not be required to seek relief from the stay or otherwise obtain authority from this Bankruptcy Court in order to proceed against such insurance., and provided further that the amount of any final judgment or final order obtained by Movants shall constitute Movants' liquidated, pre-petition claim against the Debtors.

2.    Except for the limited purposes set forth in paragraph 1 above, the Automatic Stay shall remain in effect.

3.    Nothing herein shall be deemed an admission by the Debtors with respect to liability or any other issue in the Minnesota Proceeding.

4.    The undersigned counsel represent and warrant that they are authorized to execute this Stipulation.

5.    This Stipulation constitutes the entire agreement between the parties with respect to the subject matter hereof.

6.    This Stipulation may be executed and delivered in any number of original or facsimile counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

REMAINDER OF PAGE INTENTIONALLY LEFT BLANK

SIGNATURE LINES TO FOLLOW ON SEPARATE PAGE

115586.01600/40119294v1

7.    The terms of this Stipulation shall become effective only upon entry of this Stipulation as an order of the Bankruptcy Court. The Bankruptcy Court shall retain jurisdiction over the parties hereto with respect to this Stipulation including, without limitation, for the purposes of interpreting, implementing and enforcing its terms.


BLANK ROME LLP

_____
Bonnie Glantz Fatell (DE No. 3809)
Mark J. Packel (DE No. 4048)
Elio Battista, Jr. (DE No. 3814)
1201 Market Street, Suite 800
Wilmington, DE 19891
(302) 425-6400

-and-

FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON
(A Partnership Including Professional
Corporations)
One New York Plaza
New York, New York 10004
(212) 859-8000

Co-Counsel for Debtors and Debtors-In-
Possession

WHITTINGTON & AULGUR

_____
Robert T. Aulgur (DE No. 165)
Kristi J. Doughty (DE No. 3826)
P.O. Box 617
Suite 800
Odessa, DE 19730
(302) 378-1661

-and-

ROBINS, KAPLAN, MILLER &
CIRESI, L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402
(612) 349-8500

Co-Counsel for Movants

115586.01600/40119294v1